# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| KUMAR INDUSTRIES AND BAJAJ HEALTHCARE LIMITED, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) Court No. 25-00081 |
| Defendant, | ) ) |
| and | ) ) |
| DEER PARK GLYCINE, LLC., | ) ) ) |
| Defendant-Intervenor. | ) ) |

## ORDER

Upon consideration of the plaintiff's motion to apply the statutory injunction to all entries in the period of review, defendant's opposition, and all other pertinent papers, it is hereby

ORDERED that the plaintiffs' motion is denied.

Dated: _____          _____
         New York, New York                          JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| KUMAR INDUSTRIES AND BAJAJ HEALTHCARE LIMITED, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| UNITED STATES, ) ) | Court No. 25-00081 |
| Defendant, ) ) | |
| and ) ) | |
| DEER PARK GLYCINE, LLC., ) ) ) | |
| Defendant-Intervenor. ) ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' MOTION TO APPLY STATUTORY
INJUNCTION TO ALL ENTRIES IN THE PERIOD OF REVIEW**

Pursuant to Rule 7(d) of the Rules of United States Court of International Trade, defendant, the United States, respectfully submits this response in opposition to the motion to apply the statutory injunction to all entries in the period of review filed by the plaintiff Bajaj Healthcare Limited (Bajaj).  ECF No. 40.  Bajaj claims that it will suffer irreparable harm if the Court's statutory injunction, entered September 26, 2025, (ECF No. 27) is not backdated to cover entries that had already liquidated at the time the injunction was entered.  *See* ECF No. 40 at 1-3. This request ignores the plain text of the statutory injunction and the finality of liquidation.  The Court should deny the motion.

The injunction plainly applies only to the "liquidation of any unliquidated entries," ECF No. 27 at 2, and therefore cannot apply to Kumar's already-liquidated entries.  There is good

reason for that.  Liquidation in cases brought under 28 U.S.C. § 1581(c) cases, such as this, is governed by 19 U.S.C. § 1516a(c), which indicates that all liquidation is final absent the statutory injunction.  *See Yancheng Baolong Biochemical Products Co., Ltd. v. United States*, 406 F.3d 1377, 1381 (Fed. Cir. 2005) ("if there is no injunction, liquidation is automatic under 19 U.S.C. § 1516a(e) and § 1516a(c)(1), and any decision on the merits of a liquidation challenge after liquidation has taken place is without effect.").  Further, Bajaj's reliance on the Government's stipulation in *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, is misplaced because reliquidation there is governed by this Court's authority in 28 U.S.C. § 1581(i) cases, under which the Court is explicitly permitted to order reliquidation as remedy.  *See* No. 25-255, 2025 WL 3634261 at *4 (Ct. Int'l Trade 2025).  The Court is not so empowered under section 1581(c).  And to the extent that Bajaj represents that the parties "intended" for the statutory injunction to prevent liquidation "of all subject entries," ECF No. 40 at 3, the Government's position on the late-filed motion for a statutory injunction demonstrates that is false.  *See* ECF No. 24 at 2 ("assuming that there are still unliquidated entries to preserve a case or controversy.").

Regardless of any explanation regarding the delay in seeking the statutory injunction here, liquidation is final under "Congress's carefully crafted statutory scheme."  *See Target Corporation v. United States*, 134 F.4th 1307, 1315 (Fed. Cir. 2025).  There is simply no relief available for Bajaj's delay.

For these reasons, we respectfully request that the Court deny Bajaj's motion.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

2

PATRICIA McCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:                                     /s/ Collin T. Mathias
Samuil Agranovich                              COLLIN T. MATHIAS
Attorney                                       Trial Attorney
U.S. Department of Commerce                    Commercial Litigation Branch
Office of the Chief Counsel for Trade          Civil Division
Enforcement and Compliance                     U.S. Department of Justice
                                               PO Box 480
                                               Ben Franklin Station
                                               Washington, DC 20044
                                               Tel: (202) 307-0315
                                               Email: Collin.T.Mathias@usdoj.gov

                                               Attorneys for Defendant

April 10, 2026

3

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this response complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 413 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Collin T. Mathias