**FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)**          **Form 1**
                                                                                                   **March 2023**

# UNITED STATES

# COURT OF INTERNATIONAL TRADE

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed:   25-00081

Case title being appealed:   KUMAR INDUSTRIES and BAJAJ HEALTHCARE LIMITED,   v. United States

Date of final judgment or order being appealed:   05/06/2026

**List all Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Bajaj Healthcare Limited

Date: 07/06/2026

Signature: /s/ Brittney R. Powell

Name: Brittney R. Powell

Address: Fox Rothschild LLP

2020 K Street, N.W., Suite 500

Washington, DC 20006

Phone Number: 202-794-1186

Email Address: bpowell@foxrothschild.com

Save for Filing

Slip Op. 26-45

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| KUMAR INDUSTRIES and BAJAJ HEALTHCARE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>DEER PARK GLYCINE, LLC,<br><br>Defendant-Intervenor. | Before:  Jennifer Choe-Groves, Judge<br><br>Court No. 25-00081 |

## OPINION AND ORDER

[Denying Plaintiffs' Motion to Apply Statutory Injunction to All Entries in the Period of Review.]

Dated: May 6, 2026

Lizbeth R. Levinson, Brittney R. Powell, and Alexander D. Keyser, Fox Rothschild LLP, of Washington, D.C., for Plaintiffs Kumar Industries and Bajaj Healthcare Limited

Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, Claudia Burke, Deputy Director, and Collin T. Mathias, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  Of counsel on the brief was Samuil O. Agranovich, Attorney, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Court No. 25-00081                                                    Page 2

David M. Schwartz, Michelle Meixuan Li, Kerem Bilge, and Aaron C. Mandelbaum, Thompson Hine LLP, of Washington D.C., for Defendant-Intervenor Deer Park Glycine, LLC

Choe-Groves, Judge: Before the Court is Plaintiffs' Motion to Apply Statutory Injunction to All Entries in the Period of Review ("Plaintiffs' Motion"). Pls.' Mot., ECF No. 40.  Defendant United States opposes Plaintiffs' Motion. Def.'s Resp. Pls.' Mot. Apply Statutory Injunction All Entries Period of Review, ECF No. 43.  For the reasons discussed below, the Court denies Plaintiffs' Motion.

## BACKGROUND

On September 25, 2025, Plaintiffs requested leave to file a motion for a statutory injunction out of time, having missed the June 29, 2025 deadline.  Pls.' Unopposed Mot. Leave File Mot. Statutory Injunction Out Time, ECF No. 24.  The Court granted the motion and the statutory injunction on September 26, 2025, and Plaintiffs later provided a letter to the Court to confirm that "all entries subject to this appeal have not been liquidated."  Notice of Unliquidated Entries, ECF No. 30; see also Order (Sept. 26, 2025), ECF No. 27 (granting statutory injunction to all shipments that entered the United States during the period of review (June 1, 2022, through May 31, 2023)).

Plaintiffs now state that thirteen entries of subject merchandise were liquidated prior the Court's entry of the statutory injunction, and that Plaintiffs'

pursuit of administrative remedies to challenge the liquidation has been unsuccessful. Pls.' Mot. at 3 ("twelve shipments of subject merchandise . . . were liquidated on September 5, 2025, . . . [o]ne additional shipment was liquidated on August 29, 2025.").

## DISCUSSION

Plaintiffs request the Court to order a reversal of the liquidation of the thirteen entries of subject merchandise and to order that their liquidation is suspended pending the outcome of this case. Id.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c). Judicial review in countervailing and antidumping duty proceedings is governed by 19 U.S.C. § 1516a, which provides the Court with the power to enjoin liquidation. 19 U.S.C. §§ 1516a, 1516a(c). The U.S. Court of Appeals for the Federal Circuit has interpreted 19 U.S.C. § 1516a(c) to mean that liquidation is final unless a statutory injunction was put in place prior to the liquidation. Yancheng Baolong Biochemical Products Co., Ltd. v. United States, 406 F.3d 1377, 1381 (Fed. Cir. 2005) ("[I]f there is no injunction, liquidation is automatic under 19 U.S.C. § 1516a(e) and § 1516a(c)(1), and any decision on the merits of a liquidation challenge after liquidation has taken place is without effect."); Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983) ("The statutory scheme has no provision permitting reliquidation in this case or imposition of higher dumping

Court No. 25-00081                                                                 Page 4

duties after liquidation if Zenith is successful on the merits.  Once liquidation

occurs, a subsequent decision by the trial court on the merits of Zenith's challenge

can have no effect on the dumping duties assessed[.]").

Because the liquidation of the thirteen entries of subject merchandise

occurred before Plaintiffs belatedly requested the statutory injunction, the

liquidation is final.  Notably, the liquidation occurred after the relevant deadline.

If Plaintiffs had made a timely request for a statutory injunction, the entries would

not have been liquidated, and the status quo would have been preserved by a timely

request for the statutory injunction.

## CONCLUSION

Upon consideration of Plaintiffs' Motion, ECF No. 40, and all other papers

and proceedings in this action, it is hereby

**ORDERED** that Plaintiffs' Motion, ECF No. 40, is denied.

                                                        /s/ Jennifer Choe-Groves
                                                     Jennifer Choe-Groves, Judge

Dated:      May 6, 2026
            New York, New York